```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE
BUILDING TRADES ANNUITY BENEFIT FUND,
BUILDING TRADES WELFARE BENEFIT FUND,
and BUILDING TRADES PENSION FUND,

                         Plaintiffs,

         -against-                              MEMORANDUM & ORDER
                                                14-CV-5511(JS)(ARL)
FERVENT ELECTRICAL CORP.,

                         Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Danielle Marlene Carney, Esq.
                    Barnes, Iaccarino & Shepherd, LLP
                    3 Surrey Lane
                    Hempstead, NY 11550

For Defendant:      No appearances
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R"), recommending that this Court grant plaintiffs' motion for a default judgment but deny plaintiffs' request for damages with leave to renew. (Docket Entry 11.) For the following reasons, the Court ADOPTS Judge Lindsay's R&R in its entirety.

BACKGROUND

This action was commenced on September 19, 2014 by plaintiffs Trustees of the Building Trades Educational Benefit Fund, the Building Trades Annuity Benefit Fund, Building Trades

Welfare Benefit Fund, and Building Trades Pension Fund (collectively "Plaintiffs") against defendant Fervent Electrical Corp. ("Defendant"). Plaintiffs allege that Defendant violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1145 and § 1132(a), et seq. ("ERISA") and the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA").

On January 9, 2015, Plaintiffs moved for a default judgment. (Docket Entry 7.) The undersigned referred Plaintiffs' motion to Magistrate Judge Lindsay for an R&R on whether the motion should be granted. (Docket Entry 10.)

On June 15, 2015 Judge Lindsay issued her R&R. (Docket Entry 11.) The R&R recommends that the Court grant Plaintiffs' motion for a default judgment but deny Plaintiffs' request for damages with leave to renew, with the exception of Plaintiffs' request for costs. (R&R at 6.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Lindsay's R&R (Docket Entry 11) is ADOPTED in its entirety. The Court is directed to enter judgment in favor of Plaintiffs and against Defendant. Plaintiffs' request for damages is granted only to the limited extent that Plaintiffs are awarded $458.00. Plaintiff's request for damages is otherwise DENIED WITHOUT PREJUDICE. Plaintiffs may file a motion seeking damages that cites to the proper supporting documentation. Plaintiffs' counsel is directed to serve a copy of this Memorandum & Order on Defendant.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September   23  , 2015
         Central Islip, New York