```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE
BUILDING TRADES ANNUITY BENEFIT FUND,
BUILDING TRADES WELFARE BENEFIT FUND
and BUILDING TRADES PENSION FUND,            MEMORANDUM & ORDER
                                             14-CV-5511(JS)(ARL)
                Plaintiffs,

        -against-

FERVENT ELECTRICAL CORP.,

                Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:    Danielle Marlene Carney, Esq.
                   Barnes, Iaccarino & Shepherd, LLP
                   3 Surrey Lane
                   Hempstead, NY 11550

                   Thailary Lim, Esq.
                   Barnes, Iaccarino & Shepherd, LLP
                   3 Surrey Lane
                   Hempstead, NY 11550

For Defendant:     No appearances
```

SEYBERT, District Judge:

Pending before the Court is Trustees of the Building Trades Educational Benefit Fund, the Building Trades Annuity Benefit Fund, Building Trades Welfare Benefit Fund and Building Trades Pension Fund's ("Plaintiffs") motion to vacate a default judgment (Docket Entry 20) and Magistrate Judge Arlene R. Lindsay's Report and Recommendation dated November 15, 2016 (the "R&R") recommending that this Court grant Plaintiffs' motion, reopen the case, and amend the default judgment. (R&R, Docket Entry 22, at

1.)  For the reasons that follow, the Court ADOPTS Judge Lindsay's R&R in its entirety.

BACKGROUND

Plaintiffs commenced this action on September 19, 2014, alleging that Defendant violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1145 and 1132(a), et seq. ("ERISA") and the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA").  (Compl., Docket Entry 1.)

On January 9, 2015, Plaintiffs moved for a default judgment.  (Docket Entry 7.)  The undersigned referred Plaintiffs' motion to Judge Lindsay for an R&R on whether the motion should be granted.  (Docket Entry 10.)  On June 15, 2015 Judge Lindsay issued her R&R.  (Docket Entry 11.)  On September 23, 2015, the undersigned adopted Judge Lindsay's R&R in its entirety and awarded Plaintiffs $458.00 with leave to file an additional motion seeking damages with the proper documentation.  (Order, Docket Entry 17.)  At this Court's direction, the Clerk of the Court entered a default judgment for $458.00 on May 26, 2016 (the "Default Judgment").  (Default Judgment, Docket Entry 19.)

On May 31, 2016, Plaintiffs filed a motion to vacate the Default Judgment in light of additional documentation they filed to support an award of damages.  (Docket Entry 20.)  The undersigned referred the motion to Judge Lindsay for an R&R on whether the motion should be granted, and, if necessary, to

determine the appropriate amount of damages, costs and/or fees to be awarded. (Order, Docket Entry 21.) On November 15, 2016, Judge Lindsay issued her R&R. The R&R recommends that the Court grant Plaintiffs' motion to vacate the Default Judgment and enter an Amended Default Judgment in favor of Plaintiffs for $852,510.65. (R&R at 3-4.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

## CONCLUSION

For the foregoing reasons, Judge Lindsay's R&R is ADOPTED in its entirety and Plaintiffs' motion to vacate the

3

Default Judgment (Docket Entry 20) is GRANTED.  The Clerk of the Court is directed to VACATE the Default Judgment entered on May 26, 2016 (Docket Entry 19) and enter an Amended Default Judgment in favor of Plaintiffs and against Defendant in the amount of $852,510.65 allocated as follows: $681,351.35 in unpaid contributions ($336,000.00 to the Welfare Fund; $150,028.10 to the Annuity Fund; $17,185.26 to the Education Fund; and $178,137.99 to the Pension Fund), $32,151.03 in interest, $136,270.27 in liquidated damages, $2,280.00 in attorneys' fees and $458.00 in costs.  The Clerk of the Court is further directed to mark this case CLOSED.  Plaintiffs are directed to serve a copy of this Order and the Amended Default Judgment on the Defendant and file proof of service on ECF.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   December   20  , 2016
         Central Islip, New York